**McLAUGHLIN et al. v. NETTLETON et al.**

No. 8767—Opinion Filed Jan. 22, 1918.

On Motion for Rehearing, April 1, 1919.

(183 Pac. 416.)

**Judgment — Default — Vacation—Unavoidable Casualty—Evidence.**

Where a petition is filed pursuant to section 5267, Rev. Laws 1910, to vacate judgment on ground of unavoidable casualty preventing defendants from defending, which was occasioned by counsel for the said defendants, in their absence and without cause and without notice, withdrawing from said cause, and this court having examined such petition, and held that the same stated facts sufficient to entitle defendants to relief prayed for, and now the evidence being examined which had been offered upon the issues presented by such petition, and the weight thereof found to support said petition, it is ordered that said judgment be set aside and cause heard upon its merits.

(Syllabus by West, C.)

Error from District Court, Kiowa County; Frank Mathews, Judge.

Proceeding by Charles McLaughlin and another against Arthur E. Nettleton and W. D. Herndon to vacate a default judgment foreclosing a mortgage. Judgment for the defendants, dismissing the petition, motion for new trial overruled, and plaintiffs bring error. Reversed and remanded with directions. See, also, 47 Okla. 407, 148 Pac. 987.

R. H. Towne and Ledbetter, Stuart & Bell, for plaintiffs in error.

John T. Hays, for defendants in error.

Opinion by WEST, C. This is a proceeding instituted by plaintiffs in error, who will hereinafter be called plaintiffs, against defendants in error, who will hereinafter be called defendants, to set aside a judgment entered against plaintiffs by default in the district court of Kiowa county on the 8th day of February, 1912, for the sum of $650, attorney's fees and costs and to foreclose mortgage on the northwest quarter of section 8, township 2 north, range 17 west, and located in said county.

It appears that on the 2nd day of November, 1905, there was filed in the district court at Kiowa county, by defendant Arthur Nettleton, a suit against plaintiffs in error for judgment of $650, interest and attorney's fee, with foreclosure of mortgage and vendor's lien securing said sum on said land mentioned above; and on May 21, 1907, judgment was entered by default against plaintiffs for said sum as prayed, with foreclosure of mortgage. On May 31, 1907, plaintiffs filed motion to set aside and vacate said judgment. On November 13, 1907, plaintiff Chas. McLaughlin filed petition to set aside said judgment of May 21, 1907, and the defendant, Nettleton, filed a general demurrer, and on January 13, 1908, judgment was rendered by the court sustaining said demurrer. Said cause was appealed, and on December 14, 1909, this action of the court on the demurrer was reversed, with instructions to the district court to vacate said judgment (25 Okla. 319, 165 Pac. 662, and on May 3, 1910, Chas. McLaughlin filed in said court his separate

answers duly verified. November 25, 1911, defendant Nettleton filed reply to the separate answers of defendants. On December 28, 1911, an order was made setting said cause for trial on February 5, 1912, and February 8, 1912, the following entry was made by the court:

"Now at this time, February 8, 1912, this case is called. Judge L. M. Keys comes now and withdraws from the case as attorney. Plaintiff is present in court and by counsel, and defendant not appearing and adjudged in default and the court advised in the premises, grants judgment as per journal entry."

Which judgment was duly entered for sums sued for and foreclosure of mortgage.

On August 14, 1912, order of sale was issued, and on September 16, 1912, the land in question was sold to defendant W. L. Herndon for $1,500. On October 7, 1912, special judge was elected, and on said date judge pro tem entered order approving and confirming said sale. On January 2, 1913, writ of assistance was issued, and under said process W. L. Herndon was placed in possession of said real estate. On January 23, 1913, Chas. McLaughlin filed his verified petition to set aside said judgment rendered on February 8, 1912, to which petition a demurrer was filed and sustained, and on May 11, 1915, said judgment sustaining said demurrer was by this court reversed. (See 47 Okla. 407, 148 Pac. 987.) The second paragraph of the syllabus reversing said judgment is as follows:

"A petition to vacate a judgment by the court rendering the same, filed pursuant to section 5267, Rev. Laws 1910, after setting forth a defense to the action wherein the judgment was rendered, alleged in substance that the plaintiffs had employed counsel to represent them in the former case; that, in pursuance of said employment, said counsel entered his name as attorney of record for said plaintiffs and acted as such attorney until the issues had been made up; that on several occasions after the issues had been joined and prior to the rendition of the judgment and decree rendered against them, said plaintiffs appeared with their said counsel ready for trial, but for one reason or another said cause was continued from term to term; that finally said cause was set for trial on a day certain of a subsequent term of said court, of which action said plaintiffs had no notice; that, upon said cause being called for trial, said counsel for said defendants, in their absence and without cause, and without notifying his said clients of his intention so to do, or that their case had been set for trial at said term or on said day, arose in open court and announced that he withdrew from said cause as counsel for said defendants,

whereupon the court, although said cause was at issue upon questions of fact decisive of the merits of said cause, rendered judgment and decree of foreclosure against said defendants. Held that said petition stated facts, sufficient to entitle plaintiffs to the relief prayed for, upon the ground of unavoidable casualty preventing the plaintiffs from defending."

Cause was remanded, answer filed, and same was tried to the court without a jury, and on May 22, 1916, judgment was entered by said court, finding the issues, upon said petition to set aside the judgment of February 8, 1912, in favor of defendants, Arthur E. Nettleton and W. L. Herndon, and said petition was dismissed. Motion for new trial was filed and overruled, and plaintiffs have perfected their appeal. To review this last named action of the court below, plaintiffs prosecute their appeal on eight assignments of error, the first of which is as follows: The trial court erred in finding the issues under the petition of plaintiffs in error in favor of said defendants and against said plaintiffs in error and this assignment of error in effect covers the entire ground of errors assigned by plaintiffs.

The evidence tended to show that after the case was first remanded for new trial, Judge Jas. R. Tolbert, who was the elected presiding judge of said district court, had been of counsel for one of the plaintiffs and was disqualified to try said cause. That defendants had been present at some three or four different terms of court without being able to get trial and were advised that it would be necessary to have some other judge assigned to hear said cause. During the progress of the litigation several attorneys had represented the defendants, and at the time the judgment was entered which is complained of, the defendants were represented by Judge L. M. Keys of Hobart as local counsel and other nonresident counsel. That after cause was set in December, 1911, the clerk notified Judge Keys and Judge Keys instructed his son, Leon Keys, who was his law clerk, to notify the defendants of the setting of the case, and Leon Keys testified that he did notify defendants but failed to hear from them. That Geo. P. Glaze of Oklahoma City, one of the nonresident attorneys for defendants, in December had written to the clerk to find out the status of the case, but had failed to hear from the clerk. Defendants both testified that they had no notice that the said cause had been set for trial, and that the first knowl-

edge that they had that judgment had been entered against them, was when the sheriff under writ of assistance had dispossessed their tenant and placed the purchaser in possession of the premises. They testified, however, that they had not written their attorneys to find out what was being done with their case during the year 1911, but they had been present at the May, 1911, term of the court of said county.

The evidence adduced upon the issues involved upon petition to vacate the judgment in controversy presents in some respects an unusual situation. There is but little dispute in the evidence. This being an equity case, it is within the province of this court to weigh all the evidence and from the facts and circumstances introduced to determine the weight of the same.

The undisputed evidence shows that the regular trial judge, having instituted the original suit, was disqualified from trying this cause; otherwise we might say that the defendan's were charged with notice of the time fixed by statute for the holding of district court in Kiowa county, and it was incumbent upon them to be present at each term or ascertain whether or not their cause would be for trial, and ordinarily the presumption would be that the cause was set and would probably be heard at each regular term of the court, but inasmuch as the regular judge was disqualified and the defendants had been present a number of times at the regular terms of court and were advised that it would be necessary to have a judge from some other district assigned to hear the cause, we cannot say that any such presumption arises.

The evidence further shows that one of the reasons for employing local counsel was that such counsel could keep advised as to the progress of said cause and be able to notify other nonresident counsel and defendants of each step taken in said proceeding. Judge Keys testified that he instructed his son Leon to notify the defendants of the setting of this cause, and his son testified that he had written the defendants, but had failed to hear from them. Plaintiffs each testified that they did not receive any notice. However, the evidence shows that Judge Keys did not advise the defendants of his withdrawal from the cause or that judgment had been entered against them. This, we think, under the circumstances and under the terms of his employment, he was bound to do, and that the defendants had the right to rely upon him to keep them advised as to the progress of said suit. The only negligence that could be imputed to the defendants, if the same was negligence, under the circumstances, was the fact that they did not write to their local counsel inquiring as to the status of the cause; but inasmuch as this case could only be heard, as defendants were advised, by some other judge being assigned to hear same, we think they had a right to rely upon the local counsel to advise them as to when the cause was set for trial and to be heard by a judge from another district being assigned for that purpose, and it would be incumbent upon them to constantly remind their counsel that they desired information relative to the progress of this proceeding.

Defendant Chas. McLaughlin, who seems to be the real party in interest, was and had at all times since the inception of this litigation been residing at Wichita, Kan., and testified that he did not have any notice of the setting of said cause, and no one testified that he had been advised that judgment had been rendered against him.

It appears that once before, when the premises in controversy had been levied upon by process out of the district court and appraised, the appraisers fixed the value of this property at $3,000. If plaintiffs' local counsel had advised them of the rendition of this judgment, they would have at least been able to have partially protected themselves against the effect thereof.

Justice Kane in the appeal by plaintiffs from the action of the district court in sustaining a general demurrer to the petition filed in this cause used the followng language:

"Whilst the extreme limit in defending a client's interest, advocated by Lord Brougham and Rufus Choate, has not met with the universal approbation of the American and English bars, yet it is conceded that the relation of an attorney to his client is one of great trust and confidence, calling for the highest degree of good faith. Upon undertaking to conduct a cause for a client, an attorney impliedly stipulates to carry it to its termination, and is not at liberty to abandon it without cause or reasonable notice."

No notice was given these plaintiffs that the attorney had abandoned their cause or intended so to do, neither were they advised by him of the rendition of the judgment against them. This, we think, was incumbent upon their local counsel to do.

The unquestionable weight of authority is that when an attorney has been employed to conduct legal proceedings, he undertakes to conduct them to their determination, and cannot abandon the services of his clients without cause and without reasonable notice.

The evidence in this case shows that there

was no notice given plaintiffs that their local counsel intended to abandon the cause or terminate his services, or that he had done so, and while we are loath to disturb this verdict on account of the fact that this is the second proceeding of this kind in this cause, nevertheless we are constrained to believe that if this judgment should stand, it would have the effect of denying litigants their day in court and arouse an unjust resentment against the approved procedure in our tribunals of justice. It is the policy of the law and courts of Oklahoma to allow each litigant the right to be heard upon the merits of his cause free from technical pitfalls.

After a careful consideration of all the evidence, we are of the opinion that the petition to set aside the judgment entered on February 8, 1912, should be sustained and said judgment set aside and cause heard upon its merits, and it is so ordered.

By the Court: It is so ordered.

PER CURIAM. Motion for rehearing and to modify sustained, and opinion modified, per attached order:

And now, on this day, it is ordered by the court that the motion for specific directions be and the same is hereby sustained, and the former order heretofore entered herein reversing the above cause is modified, and remanded to the trial court, with directions to set aside the order of the district court of Kiowa county heretofore made on October 7, 1912, approving and confirming a sale of the lands involved to W. L. Herndon.