## C. A. LUSTER v. STATE.

No. A-5038.    Opinion Filed May 16, 1925.

(235 Pac. 935.)

Appeal from County Court, Okmulgee County; W. A. Barnett, Judge.

C. A. Luster was convicted of the illegal possession of intoxicating liquor, and he appeals. Reversed.

Carter & Carter, for plaintiff in error.

George F. Short, Atty. Gen., and G. B. Fulton, Asst. Atty. Gen., for the State.

PER CURIAM. Plaintiff in error, C. A. Luster, was convicted upon an information charging that on October 25, 1923, he did have the possession of certain intoxicating liquor, to wit, 11 gallons of corn whisky, with the unlawful intent to sell the same, and in accordance with the verdict of the jury he was sentenced to be confined for 90 days in jail and to pay a fine of $250. From the judgment he appeals.

The Attorney General has filed a confession of error in part as follows:

"The only question raised by plaintiff in error in his brief is that in this case there was an illegal search and seizure. The record shows that the officers went to the home of plaintiff in error for the purpose of searching for intoxicating liquors, but they also found and confiscated four guns owned by plaintiff in error. It was contended there was no valid search warrant in this case, for the reason that the purported search warrant herein was based on information and belief, and that it was also issued to search a place other than the one occupied by plaintiff in error.

"Under the rule laid down by this court in the case of Gore v. State, 24 Okla. Cr. 394, 218 P. 545, such warrants based on rumors, information, and belief, are invalid and insufficient to suport a valid search and seizure. It is the

law of this state and has been the uniform ruling of this court that, where a search warrant is issued authorizing the officers to search certain premises for intoxicating liquors, they did not have the right to exceed the authority thereunder and search for and seize any other articles and property except that which they were authorized to search for and seize. In this case the purported warrant attempted to authorize them to search for and seize intoxicating liquor; they exceeded their authority by seizing and keeping plaintiff in error's guns.

"When the state rested the following proceedings were had: 'Mr. Carter: I renew my motion at this time to strike out all evidence offered on behalf of the state, for the reason that the search warrant under which they searched the premises was illegal and void. It gave them authority to search the residence of John Doe, section 9-14-11, when the evidence in this case shows the defendant's residence in section 10-14-11. The search was by force and without authority of law. (Motion overruled. Exception.)'

"Under the testimony the location of plaintiff in error's place was made a matter of fact, whereas the laws of this state, under the holding of this court, prescribe that the location of such places should be described with definiteness and certainty.

"We therefore submit to this honorable court that under the evidence in this case the search and seizure made were not in accordance to law, and were insufficient to support the judgment and sentence, and we therefore, respectfully submit our confession of error."

An examination of the record discloses that the confession of error is well founded.

For the reasons therein stated, the judgment of the lower court is reversed.