### NAVE et al. v. CONSERVATIVE LOAN CO. et al. ·

No. 16302—Opinion Filed March 23, 1926.

### Appeal and Error—Discretion of Trial Court —Vacating Default Judgment.

An application to vacate a default judgment and to be allowed to defend, is addressed to the sound discretion of the court, and will not be disturbed on appeal, unless it clearly appears that the court has abused its discretion.

(Syllabus by Estes, C.)

Commissioners, Opinion, Division No. 2.

Error from District Court, Nowata County; C. H. Baskin, Judge.

Action by Emmet Nave et al. against the Conservative Loan Co. et al., to vacate default judgment. From a judgment for the latter, the former appeal. Affirmed.

W. H. Vann, for plaintiffs in error.

Glass & Calvert, for defendants in error.

Opinion by ESTES, C. Parties will be referred to as they appeared in the trial court, inverse to their order here. Conservative Loan Company had judgment by default against Emmet Nave and wife, defendants, in an action to foreclose a second mortgage on their land. To vacate such judgment, defendants alleged unavoidable casualty preventing them from defending the action, for that their attorneys had filed a demurrer, then withdrew the demurrer and withdrew as attorneys for defendants in the cause, without notice to defendants until after such default judgment was rendered. Defend-

ants resided and received their mail at Lenapah, not the county seat where the cause was pending. The husband testified that he did not know that his case was assigned for trial, and had no notice that the judgment had been rendered until long thereafter; that he had Hamilton & Pendleton as his attorneys, and consulted with them; that he had received only two letters from them with reference to the case, and could not remember their contents. The evidence on behalf of defendants was that on the day the default judgment was rendered, the court clerk, at the request of the court, duly mailed separately to defendant and his wife a true copy of the minutes of that day, showing plainly that the demurrer of defendants was withdrawn, and that they were given ten days from that date to plead, and that said firm of attorneys had withdrawn from the case: that said attorneys, prior to said judgment, had written several letters to defendants, advising them that the case would be assigned for trial, and unless directions were given for the conduct of their defense, that default judgment would follow; that on the day of said judgment, they wrote another letter fully advising defendants of the facts that had transpired in their case as to the judgment, and again advising that they had withdrawn from the case. One of their letters was registered and a return receipt therefor was signed by defendant husband. None of the letters sent by said attorneys or the clerk were returned, although they were addressed for return. The defendant wife did not testify.

An application to vacate a default judgment and to be allowed to defend is addressed to the sound discretion of the court, and will not be disturbed on appeal, unless it clearly appears that the court has abused its discretion. Olentine et al. v. Alberty et al., 82 Okla. 9, 198 Pac. 296. It certainly does not appear that the trial court abused its discretion in refusing to vacate said judgment under said evidence. Defendants contend that McLaughlin et al. v. Nettleton et al., 69 Okla. 74, 183 Pac. 416. is applicable. Clearly, it is not, for in that case the attorney had not notified his clients that he had or would withdraw as attorney. In the instant case. the evidence is overwhelming that defendants were notified of the status of their case and the withdrawal of their attorneys. Evidence of Mr. Nave, attempting to countervail the same, is very unsatisfactory. Under this record, we cannot commend his effort to impugn the conduct of his former attorneys. The record shows that they were diligent in his behalf in all things, and particularly as to notifying him of their

withdrawal and giving him an opportunity to make arrangements for his defense.

Let the judgment be affirmed.

By the Court: It is so ordered.

Note.—See under (1) 4 C. J. p. 840 § 2825; 2 R. C. L. p. 215; 1 R. C. L. Supp. p. 451.