## NEELY MARTIN v. STATE.

No. A-5521.  Opinion Filed Jan. 15, 1927.
(252 Pac. 451.)

A. E. Montgomery, for plaintiff in error.

Geo. F. Short, Atty. Gen., for the State.

EDWARDS, J. The plaintiff in error, hereinafter called defendant, was convicted in the county court of Tulsa county on a charge of having the unlawful possession of a still, and sentenced to pay a fine of $250, and to be imprisoned in the county jail for a period of 90 days.

It is shown by the record that defendant lived near Turley, in a five-room house, with a barn 40 to 60 feet distant on the same premises. At the time charged, certain officers with a search warrant went to the premises and found a copper still set up complete, with a gas burner, with coil leading through a water box, and with seven barrels of mash and a sack of sugar near by. The defendant testified that he farmed the premises and kept his horses in the barn, and owned some hogs in a pen immediately adjoining the barn, but that the barn was occupied by his brother and brother-in-law and another person, whose name he did not know, and that they took care of his stock, and that he did not operate, set up, or maintain the still found. The evidence of guilt is overwhelming.

The contention made is that the search warrant was invalid, as being based on an indefinite affidavit. The description to the affidavit is:

"* * * That said liquors are being disposed of in the manner aforesaid by one Martin, whose real name is unknown to informant, on the following described premises, situated in Tulsa county, Oklahoma, within said county and state, to wit: One certain three or four-room farmhouse, located about the center of section 5, township 20 north, range 13 east, Tulsa county, Oklahoma, together with the curtilage thereof and appurtenances thereto. * * *"

Other formal and essential averments are made in the affidavit. Section 30 of the Bill of Rights, state Constitution, requires that a warrant for search and seizure shall issue only upon a showing of probable cause, supported by oath or affirmation, describing as particularly as may be the place to be searched and the person or thing to be seized. Under similar constitutional provisions, it is generally said that there should be a sufficient description of the premises to be searched, so that no discretion is left to the officer executing the warrant as to the premises authorized to be searched; that is, the warrant for search

must not be general, authorizing an officer to search different places in his discretion, but its authority is confined to the search of the particular place described. Purkey v. Maby, 33 Idaho, 281, 193 P. 79; 13 A. L. R. 1318; Toole v. State, 170 Ala. 41, 54 So. 195; Luster v. State, 30 Okla. Cr. 346, 235 P. 935; Miller v. State, 34 Okla. Cr. 103, 245 P. 65.

This requirement of the Constitution, we think, was substantially met in the affidavit in this case, above quoted. Other contentions are made, but none of them have any merit, and are not of sufficient importance to require special discussion.

The trial court erred in his ruling, by permitting defendant to try the sufficiency of the search warrant, and the basis of the knowledge of the officer making the affidavit for search warrant, before the jury. Upon this point, the court permitted defendant, in the trial of the case before the jury, to offer evidence as to the source of the knowedge of the officer making the affidavit for search warrant, the truthfulness of his affidavit, the sufficiency of the description contained in the affidavit, and even permitted witnesses to state that from the description in the affidavit they would have been unable to locate the premises searched. This was all inadmissible in the trial of the issue of defendant's guilt or innocence. Phillips v. State, 34 Okla. Cr. 52, 244 P. 451.

Some complaint is made of the instructions of the court, and of failure of the court to give other instructions. The instructions of the court, as a whole, fully and fairly state the law applicable. They are in fact more favorable to the defendant than the law requires. None of the contentions made are tenable.

The case is affirmed.

DOYLE, P. J., and DAVENPORT, J., concur.