## OKMULGEE NORTHERN RAILWAY CO. v. OKLAHOMA SALVAGE & SUPPLY CO. et al.

No. 18538. Opinion Filed Oct. 9, 1928.

W. C. Alley, for plaintiff in error.

R. E. Simpson, for defendants in error.

RILEY, J. This is an appeal from the judgment of the district court rendered April 9, 1927, vacating and setting aside a judgment of said court rendered September 4, 1924, on account of irregularity in obtaining it, also recalling execution issued February 21, 1927, upon said judgment vacated.

It appears from the journal entry of judg-

ment that Sam M. Sanditen moved to set aside the judgment of September 4, 1924, and to recall execution of February 21, 1927, issued on said judgment. The parties were present in court, and upon hearing the court found that on April 3, 1924, the said district court rendered judgment in said cause in favor of defendant Sam M. Sanditen and against plaintiff, Okmulgee Northern Railway Company, and said defendant was duly and legally represented by his attorney, A. L. Emery, at the time of rendition of said judgment. No appeal was made, and the judgment in favor of defendant Sanditen became final. Thereafter, on the 4th of September, 1924, and at a subsequent term of said court, the said attorney who had represented said defendant Sanditen filed a motion in said cause asking leave to withdraw as attorney for said defendant Sanditen, as well as leave to strike his appearance and all pleadings filed by said attorney on behalf of defendant Sanditen, whereupon said court, the Honorable James Hepburn presiding, entered its order, September 4, 1924, sustaining said motion, and vacated said judgment in favor of defendant Sanditen.

Thereafter and upon the same day, September 4, 1924, the said court rendered judgment by default against defendant Sanditen in the sum of $1,112.86, interest, and costs, and in favor of plaintiff, Okmulgee Northern Railway Company, a corporation.

The trial court found that the judgment made and entered September 4, 1924, sustaining said motion of said attorney for said defendant Sanditen, was made without notice of time and place of hearing of said motion to defendant Sanditen and that he was without opportunity to be heard; that said judgment was void and should be set aside; that said judgment of September 4, 1924, setting aside and vacating the judgment in favor of defendant Sanditen, was made on the court's own motion, that the term of court at which said former judgment was rendered had expired on May 31, 1924, and that the same was set aside without notice to said defendant, but that the said judgment so vacated was regular in all particulars and the said defendant had been duly and legally represented at said hearing, on April 3, 1924, by his attorney, A. L. Emery, and that the setting aside of said judgment of April 3, 1924, in favor of said defendant was without authority of law and absolutely void, and that said order of September 4, 1924, should be set aside, vacated, and held for naught.

The trial court further found that on said date of September 4, 1924, default judgment was rendered in favor of plaintiff for the sum of $1,112.86, and cost; that the cause was not set down regularly for trial at the time, and the said defendant had no notice that the matter would be heard on said day; that the said defendant was not in default; that there had been a judgment in his favor until said date; that no opportunity to be heard was given, and that the rendition of said default judgment of September 4, 1924, was in gross irregularity and should be vacated and held for naught under authority of section 810, C. O. S. 1921, par. 3. That defendant did not become advised of said judgment against him until February 21, 1927, when execution was issued on said judgment.

The judgment from which this appeal is perfected, as stated, vacated the judgment of September 4, 1924, and recalled execution issued upon it.

In the original suit, defendant Sanditen pleaded the statute of limitations, and judgment in his favor was rendered thereon, and no appeal was taken therefrom.

It is urged by plaintiff in error that "the court did not err in permitting the withdrawal of appearance of A. L. Emery as attorney for defendant," and that it was within the power of the court to permit an attorney to withdraw pleadings upon which a final judgment was based and after expiration of the term at which such final judgment was rendered. No case supporting such contention is cited, but all authorities presented concern withdrawals during pendency of the action and not after final judgment. Cullison v. Lindsay (Iowa) 78 N. W. 847; Silver Peak Gold Mine Co. v. Harris, 116 Fed. 439; Chambers v. Gilmore, 193 Fed. 635; McLaughlin v. Nettleton, 69 Okla. 74, 183 Pac. 416; Nave v. Conservative Loan Co., 117 Okla. 85, 245 Pac. 65; Henck v. Todhunter (Md.) 16 Am. Dec. 300.

The controversy between attorney and client, as contained in exhibited letters between them, was over payment of attorney's fee. Plaintiff in error urges that Sanditen's expression in a letter of July 16th, "Nor did I ask you to defend me," was consent to withdrawal and striking out of pleadings. Not so. Final judgments of courts are not to be so lightly stricken down, nor sustained, at the option of an attorney.

In 6 C. J. 672, the rule is stated:

"The relation of attorney and client and

the general powers of the attorney cease upon the rendition and entering of the judgment. There is a distinction in this connection, however, between cases in which the attorney is retained to represent plaintiff, and those in which he represents defendant. In the latter case, the entry of final judgment always terminates the relation and the attorney's authority."

See, also, par. 197, 6 C. J. 678.

2 R. C. L. 985, par. 62:

"Yet an attorney who has appeared and filed an answer for the defendant in a case has no authority to withdraw such answer and appearance merely because his client has failed to pay his fee. Such an act is one of bad faith, and therefore beyond the scope of the attorney's authority."

See Nichells v. Nichells (N. D.) 64 N. W. 73, wherein an attorney, after appearance and answer for defendant, withdrew his appearance and answer in hostility toward his client for the alleged nonpayment of his fee, and default judgment was rendered against defendant; it was held:

"The judgment in its very inception was tainted with the vice of illegality, and hence, under the settled practice, was vulnerable to attack by motion to set it aside as an illegal judgment. * * * Our conclusion is that the judgment was irregularly entered. * * * The defendant was not in default for want of an answer."

Mr. Emery wrote defendant on May 26, 1924, that he intended withdrawing from the case and withdrawing his pleadings and allowing a default judgment, and that he attempted to do on September 4, 1924, but we hold his act illegal and unwarranted, for, after final judgment in favor of defendant, his attorney became a mere stranger, and his act in no way could affect the judgment rendered. McCarthy v. Houston Oil Co. (Tex. Civ. App.) 221 S. W. 307.

Plaintiff in error asserts that the judgment of April 3, 1924, in favor of defendant was void for want of pleading to support it. Not so, for the judgment was a general finding in favor of all defendants, and may have existed without pleading on defendants behalf, in the event plaintiff's evidence failed to make out a case. There was no allegation that the judgment for defendant was illegal and void, nor motion. nor notice, as a basis for its vacation on September 4, 1924. It does appear that defendant Sanditen was served with summons in the original case.

The court, upon his own motion, vacated the judgment. Section 817, C. O. S. 1921, provides:

"A void judgment may be vacated at any time on motion of a party, or any person affected thereby."

Conceding, however, that the court had power to so act, its effective act was dependent upon the judgment being void; the judgment being negative rather than for affirmative relief, consequently not requiring pleadings to support it, together with the fact that the attorney for defendant had not power to withdraw his appearance or pleadings after final judgment, we hold the judgment was not void. No one of the three jurisdictional elements appears to be absent from the judgment in favor of defendant Sanditen rendered April 3, 1924; the court had jurisdiction of his person, the subject-matter, and power to render the particular judgment.

"A judgment is void when it affirmatively appears from an inspection of the judgment roll that any one of three following jurisdictional elements are absent: First, jurisdiction over the person; second, jurisdiction of the subject-matter; and third, judicial power to render the particular judgment." Winona Oil Co. v. Barnes, 83 Okla. 248, 200 Pac. 981.

Therefore, the court on September 4, 1924, had no power to set aside the judgment of April 3, 1924.

The default judgment of September 4, 1924, against defendant Sanditen was void, for at that time there was a valid final judgment existing in the cause in his favor, and he had no notice of its vacation, the matter of the new judgment was not set for trial, there was no valid vacation of the existing judgment, there was no right to permit the attorney who represented the defendant to withdraw his pleading or appearance after the final judgment, and such acts constituted gross irregularity in obtaining said judgment, so as to permit the defendant to proceed and the court to act under the provisions of section 810, C. O. S. 1921, par. 3. in vacating said judgment. Hatfield v. Hatfield, 59 Okla. 132, 158 Pac. 942; Maston v. Chandler Bldg. & Loan Ass'n, 61 Okla. 230, 157 Pac. 366; Griffin v. Jones, 45 Okla. 305, 147 Pac. 1024; Morgan v. Stevens, 101 Okla. 116, 223 Pac. 365.

We are of the opinion that the motion to vacate the judgment of September 4, 1924, was sufficient to entitle the movant to the relief sought. The judgment is affirmed.

MASON, V. C. J., and HARRISON, PHELPS, LESTER, HUNT, and CLARK, JJ., concur.