## JESS BORTHICK v. STATE.

No. A-6316.   Opinion Filed Nov. 28, 1928.
(271 Pac. 953.)

J. Q. A. Harrod, for plaintiff in error.

Edwin Dabney, Atty. Gen., for the State.

DAVENPORT, J. The plaintiff in error, hereinafter called the defendant, was convicted in the county court of Canadian county of possession of intoxicating liquor with the unlawful intent to barter, sell, give away, and otherwise furnish the same, contrary to law, and was sentenced to pay a fine of $250, and serve a term of 90 days in the county jail. From the judgment and sentence against him, defendant prosecutes this appeal.

The testimony on behalf of the state shows that A. W. Culp, a police officer at El Reno, Okla., in company with Charles Petit, also a police officer, on the evening of the 23rd of March, 1926, went to the premises of the defendant, and about the time they got near the premises a man by the name of W. H. Dale started toward the chicken house of the defendant; they stopped Dale and went into the chicken house, and upon searching the same found a quantity of whisky in bottles and also in a fruit jar.

The defendant, testifying in his own behalf, denied that he had ever given away any whisky, sold any, or furnished any to any one else, but he admits that he had whisky to use himself; that the whisky taken by the officers was his whisky; he said the parties that brought it were supposed to bring him three quarts, and that he purchased it from the party to drink; that he was not at home when the party delivered it, and was not personally acquainted with the party that brought it there. The defendant admitted that he left his home with W. H. Dale, but denied that he got any whisky while he was away

from his home; that the sack the state witnesses mentioned seeing them take out of the car he had taken chickens away in. Testimony further shows that defendant was in the chicken business. Dale was not with him when he made the trade with the man to buy the whisky.

W. H. Dale, as a witness for the defendant, testified that he did not know anything about the whisky being in the chicken house; that he carried the sacks to the chicken house, and that there was no whisky in them; that he never knew of the defendant selling or disposing of whisky to any one; that he had been at the defendant's home once every two weeks, or maybe once a month.

The wife of the defendant testified that she never knew of the defendant making any whisky at their home, or having sold any whisky, and that people did not congregate there for the purpose of drinking or selling whisky.

Seven errors have been assigned by the defendant, all of which relate to the action of the court in overruling defendant's motion to suppress the testimony, and the admission of the testimony of the state over the defendant's objection.

It is urged by the defendant that the court erred in overruling the motion of the defendant to suppress the testimony, and admitting the tesimony of A. W. Culp, which had been secured by reason of a search warrant procured by the witness Culp. The defendant urges that the affidavit did not state sufficient facts to justify the court in issuing the search warrant to search his premises. The contention made is that the search warrant is invalid,

as being based on an indefinite affidavit. The statement in the affidavit, which defendant contends is not sufficient to warrant the court in issuing the search warrant, omitting the caption and closing part, is as follows:

"A. W. Culp, being first duly sworn according to law, deposes and says, that on or about the 23d day of March, 1926, in Canadian county, state of Oklahoma, the following premises are being used as a place where spirituous, vinous, fermented, and malt liquors, and imitations thereof, and substitutes therefor, are received, manufactured, stored and kept for the purpose and intent of being sold, bartered, given away or otherwise furnished in violation of the prohibitory laws of the state of Oklahoma, to wit: all the land, buildings, outbuildings and appurtenances, including the residence, situated on lots 22, 23 and 24 in block 25, in Keith addition to the city of El Reno, Canadian county, Oklahoma, and occupied by one Jess Boswick. Affiant states that he is police officer of the city of El Reno, said county and state, and as such an officer he has made an investigation of the above premises and as a result of such investigation finds that the said premises are being used as a place of public resort where people congregate for the purpose of buying, drinking and otherwise receiving intoxicating liquor; that affiant has searched the above said premises on prior occasions and at such times found a quantity of mash, said mash being fit for the manufacture of intoxicating liquor by distillation; affiant further states that he knows of his own knowledge that the party occupying the above said premises is in the whisky business and that the said party has sold whisky from said place, and that the said party uses the said place for a place of storage of intoxicating liquor."

Section 7012, Comp. St. 1921, reads:

"No search warrant shall issue but upon probable cause, supported by oath or affirmation describing as

particularly as may be the place to be searched and the person or thing to be seized."

Section 7013, Comp. St. 1921, reads:

"No warrant shall be issued to search a private residence, occupied as such, unless it, or some part of it, is used as a store, shop, hotel, boarding house, or place for storage, or unless such residence is a place of public resort."

Section 30 of the Bill of Rights, State Constitution, requires that a warrant for search and seizure shall issue upon a showing of "probable cause, supported by oath or affirmation describing as particularly as may be the place to be searched and the person or things to be seized."

Before entering upon the trial the defendant moved to suppress the evidence procured by the search warrant, alleging that the warrant was issued upon an insufficient affidavit, which motion was by the court overruled, and defendant duly excepted. An examination of the affidavit upon which the warrant in this case is predicated contains positive statement of the affiant as to what was being done at the home of the defendant. The defendant urges that the court erred in overruling his motion to suppress the evidence, on the ground that the affidavit was in truth an affidavit on information and belief, although positive in form. The defendant sought to offer evidence to show that the officer making the affidavit did not have positive knowledge that intoxicating liquor was being kept for the purpose of bartering, selling, or otherwise disposing of the same in violation of law.

This court in the case of Phillips v. State, 34 Okla. Cr. 52, 244 P. 451, held:

"The purpose of a verified complaint for search warrant is to invoke the judicial power of the magistrate, and, when filed, it is the duty of the magistrate to determine judicially if there is probable cause for believing

the existence of the things stated in the affidavit. In so determining the magistrate exercises a judicial function. Whether or not he errs in his conclusion or whether or not the affidavit upon which the search warrant is obtained is true is not an issue under the trial of a case predicated upon evidence obtained by such search warrant." Alvey v. Commonwealth, 199 Ky. 655, 251 S. W. 856; Martin v. State, 36 Okla. Cr. 82, 252 P. 451.

The affidavit states in positive terms the material provision of the statute necessary to justify an officer in issuing a search warrant. The court did not err in overruling the motion of the defendant to suppress the evidence secured by reason of the search warrant, and the objection of the defendant to the introduction of the testimony secured by reason of the search was properly overruled.

It is inconceivable that officers of the law or individuals will go before an officer and make affidavit to facts without having knowledge of the facts to which they make affidavit. If the officers do make such positive statements without any actual knowledge upon which to predicate them, it is an unfortunate condition. The duty of the officer is to enforce the law, and to arrest violators when properly charged with a crime, or when they see the crime being committed, and it is the officer's duty to uphold the law, and not to violate it. In this case the affidavit for the search warrant is positive, and sufficient to justify the court in issuing a search warrant. Whether or not the statements in the affidavit upon which the search warrant is obtained are true is not an issue in the trial of a case predicated upon the evidence otained by such search warrant. The whisky was found by the officers in defendant's possession, and the defendant admits the possession. It is denied by the defendant that he had any whisky for the purpose of bartering, selling, giving away, or otherwise furnishing the same to others. The law applicable to the facts was

properly submitted to the jury by the court, and the jury found against the contention of the defendant. The weight of the testimony and the credibility of the witnesses is within the province of the jury. Where there is competent testimony to sustain the verdict of the jury, this court will not disturb its finding.

Finding no error prejudicial to the rights of the defendant, the judgment of the trial court is affirmed.

DOYLE, P. J., and EDWARDS, J., concur.