## JOHN INSELMAN v. STATE.

No. A-6453.   Opinion Filed September 7, 1929.
(280 Pac. 628.)

C. B. Leedy, for plaintiff in error.

Edwin Dabney, Atty. Gen., for the State.

DAVENPORT, J.   The plaintiff in error, hereinafter called the defendant, was convicted in the county court of Ellis county, on a charge of having possession of whisky with intent to barter, sell, give away, or otherwise furnish the same to other persons, and was sentenced to pay a fine of $300 and costs and to be imprisoned in the county jail for 30 days.   Motion for new trial was filed, considered, and overruled, and exceptions saved and the defendant has appealed to this court.

The defendant moved to suppress the testimony secured by the officers under the search warrant for the reason that the affidavit for the search warrant did not authorize them to search the barn and shed where they claim they found the whisky.   The affidavit for the search warrant described the premises as follows:

"The above named defendant, John Inselman, at and on the following lands, in a certain residence building thereon, to wit: The N.W.¼, N.½ N.E.¼. N.½ S.W.¼, sec. 14, twp. 16 N. T. 23 W. I. M., Ellis county, Oklahoma, said residence building being then and there used as a place of public resort, did then and there unlawfully and willfully have in their possession and under their control, and did then and there keep, and do have in their possession and under their control, and do now keep for the purpose of selling, bartering, giving away and otherwise furnishing certain intoxicating liquors, described as follows, to wit:   Whisky."

The record discloses that the residence was searched and no whisky was found; the officers then searched a barn with a shed attached which was some distance from the house and found some whisky.   It is urged by the defendant that the evidence obtained under the search warrant was inadmissible for the reason that the affidavit for the search warrant limits the search to the residence of defendant; that the barn and shed where they claim the

whisky was found was not within the curtilage, and only such buildings as came within the curtilage could be searched; that the building searched was more than 72 yards from the dwelling house.

At the close of the testimony, the defendant Inselman renewed his motion to quash the search warrant and to exclude the evidence on the ground that the evidence was unlawfully procured and was inadmissible. The defendant insists that the barn and shed, where the officers claim they found the whisky, is outside the description of the search warrant to search the residence; that the barn and shed was more than 72 steps from the house, and not within the inclosure of the residence; that the shed attached to the barn is a closed building, has one small window and one door on the south, and the door was closed at the time the officers searched the premises; that the witness Devenny opened the door to that part of the barn called the shed. The affidavit in this case stated the defendant in a certain residence building is keeping liquor for sale, and has liquor in his possession for the purpose of selling.

This court, in Turknett v. State, 36 Okla. Cr. 401, 254 Pac. 985, in the second paragraph of the syllabus, has defined curtilage as follows:

"Curtilage, in law, means a small piece of land, not necessarily inclosed, around a dwelling house, and generally includes the buildings used for domestic purposes in the conduct of family affairs. The term has no application to any building not used as a dwelling."

In Martin v. State, 36 Okla. Cr. 82, 252 Pac. 451, in the second paragraph of the syllabus, this court said:

"The description of the premises to be searched must be described in the affidavit and search warrant with such

particularity that no discretion is left to the officer executing the warrant as to the premises he is authorized to search."

The affidavit in this case specifically describes the building to be searched by the officers, and we hold that the affidavit and search warrant is not sufficient to justify the search of the barn and shed of the defendant not within the curtilage of his home. The motion to suppress the evidence of the state should have been sustained.

There are other errors assigned, some of which possess merit; but, the view we take of this record, it is not necessary to consider them.

The judgment of the trial court is reversed.

EDWARDS, P. J., concurs.

CHAPPELL, J., dissents.