## JAMES M. HAMIL v. STATE.

No. A-6987.   Opinion Filed Dec. 21, 1929.
Rehearing Denied Jan. 11, 1930.
(283 Pac. 803.)

D. K. Cunningham and Lee M. Gray, for plaintiff in error.

J. Berry King, Atty. Gen., for the State.

DAVENPORT, J.   The plaintiff in error, hereinafter called the defendant, was convicted in the county court of Kingfisher county on a charge of having possession of intoxicating liquor and home brew, with the unlawful intent to barter, sell, give away, or otherwise dispose of

same, contrary to the prohibition laws of the state of Oklahoma, and was sentenced to pay a fine of $300 and cost, and be imprisoned in the county jail for 90 days; from which sentence and judgment the defendant has appealed to this court.

The testimony on behalf of the state tends to show that on the 21st day of December, 1927, Clay O. Oakes, undersheriff of Kingfisher county, went to the home of the defendant armed with a search warrant, and broke open the lock of a cellar or smokehouse in the yard, and found a considerable quantity of home brew in bottles; that the home of the defendant was locked, and he went in one of the windows, and found three-fourths of a gallon of what the witness say was corn whisky. The defendant was not at home, and in making the search the bed had not been made since some one slept in it, and there were some dirty dishes, indicating some one had prepared a meal at the house in the last few hours. The state called a witness, who testified that the defendant left previous to the time the house was searched, saying he was going to Kansas. The testimony further shows that the defendant did not stay regularly at this place, but it was the place defendant considered his home; the defendant was going back and forth to different places from his home place.

The defendant testified in his own behalf, and denied any knowledge of the home brew being in the cellar or smokehouse, or any knowledge there was any whisky in the house; that he left home several days before the search was made, and returned home the night following the day he learned the search was made. He denied any ownership of any of the things alleged to have been found by the officers in making the search of his premises. The defendant had lived in or near this place since 1889.

The defendant called eight witnesses, who had lived near him for several years. All testify to the defendant's previous good character, and that his reputation in that community as being a law-abiding citizen was good. The testimony shows that the home brew was in the cellar or smokehouse, and the whisky was in defendant's house; the defendant testifying he had been gone, had nothing to do with placing it where it was found, did not know it was going to be put there, and had no ownership or control over it.

Eighteen separate errors have been assigned by the defendants; the first being, there is no evidence in the record to sustain the judgment and sentence; the seventeenth, that the court erred in overruling the motion in arrest of judgment, and for new trial; and, eighteenth, the verdict of the jury and judgment of the court is not sustained by the evidence, and is contrary to the law and the evidence. These three assignments relate to the competency and sufficiency of the evidence. The record discloses that, after the defendant had filed his motion for a continuance, which motion had been overruled, he was on the 15th day of February, 1928, allowed to withdraw his plea of guilty, for the purpose of filing and presenting his motion to dismiss said cause, which motion was considered by the court and overruled, and defendant excepted.

The defendant urges that the testimony was insufficient to sustain a conviction, for the reason that the affidavit upon which the search warrant was based was made by Oakes, the undersheriff, without any knowledge of the facts stated in the affidavit for a search warrant, and in the hearing upon defendant's motion to dismiss, and in the trial of the case the defendant sought to show by the witness Oakes that he had no knowledge of the facts

stated in the affidavit to procure a search warrant. An examination of the affidavit upon which the search warrant was based shows that the statements in the same are positive, and not made on information and belief. As to whether or not the affiant had any knowledge of the facts stated in the affidavit is not a question in the trial of the case, where the statements in the affidavit are positive. It may be the witness making the affidavit made a positive statement without having any knowledge of the truth of the same, yet that is not a question to be considered in the trial of this case.

In Phillips v. State, 34 Okla. Cr. 52, 244 Pac. 451, in the second paragraph of the syllabus, the court said:

"The truth of an affidavit to procure a search warrant, positively sworn to, is not an issue in the trial of a case in which evidence procured by such search warrant is offered." Borthick v. State, 41 Okla. Cr. 147, 271 Pac. 953.

The court did not err in overruling defendant's motion to suppress the testimony, and the motion for a new trial and in arrest of judgment. This court has repeatedly held that, where there is any competent testimony to sustain the verdict of the jury, though the testimony may be conflicting, it will not disturb the verdict. In this case the testimony of the state is positive as to the quantity of whisky and home brew found, and the amount found is prima facie evidence of an intent on behalf of the defendant to violate the prohibitory laws. The denial of the defendant of any knowledge of the whisky and home brew being in the house or smokehouse or cellar raises a conflict in the testimony, which was for the jury to harmonize; having decided the same against the defendant, this court will not disturb the verdict.

There are other errors assigned by the defendant, but upon an examination of the record they do not possess sufficient merit to warrant this court in reversing the judgment. The instructions of the court substantially stated the law, and the rights of the defendant were not prejudiced thereby. Finding no errors in the record prejudicial to the rights of the defendant, we hold that the testimony was sufficient to sustain the conviction.

The case is therefore affirmed.

EDWARDS, P. J., and CHAPPELL, J., concur.