## MORT SALYER v. STATE.

No. A-4414.    Opinion Filed Dec. 28, 1923.

(221 Pac. 118.)

(Syllabus.)

1. **Evidence—Character of Defendant not Subject to Attack Unless He First Puts it in Issue.** The state cannot attack the character or reputation of a defendant unless he first puts that in issue by introducing evidence of his good character.

2. **Trial—Reversible Error in Deliberate Improper Questions.** Where the prosecuting attorney asks a defendant on cross-examination improper questions, and where the questions are asked without expectation of answers, and where the plain purpose is to prejudice the jury against the defendant, the judgment of conviction will be reversed, unless it appears that the questions could not have influenced the verdict.

Appeal from County Court, Canadian County; W. M. Wallace, Judge.

Mort Salyer was convicted of a violation of the prohibitory liquor law, and he appeals. Reversed and remanded.

J. N. Roberson and E. C. Patton, for plaintiff in error.

The Attorney General, for the State.

DOYLE, J.   The information in this cause charges that Mort Salyer did unlawfully sell whisky to Bee De Monbrun. Upon his trial defendant was found guilty, the punishment assessed at six months in the county jail and a fine of $500. This appeal is from the judgment rendered upon such conviction.

Bee De Monbrun, the sole witness for the state, testified:

· "I am a federal prohibition agent, stationed at Enid. I came to El Reno and stopped at the Central Hotel. Defendant was running the hotel. The next day I asked defendant if I could buy a bottle of whisky. He called a fellow named Hennessey, and asked him if he could get some whisky, a half pint. Hennessey said, 'I will not go for a half pint; get

a pint.' I says, 'All right, I will take a pint.' In a few minutes Hennessey came back, and defendant went into the wash room; then called me in and gave me the whisky. I gave him $3. He said, 'I am not selling whisky.' ''

His further examination by the county attorney is as follows:

''Q. This was the man you were after at that time? A. Yes, sir.

''Q. You knew who you were looking for? A. Yes, sir.

''Q. Knew that from reputation. (Defendant's objection overruled.)    A. Yes, sir.

The state rested, and defendant demurred to the evidence, and asked the court to instruct the jury to return a verdict of acquittal, which the court refused to do.

As a witness in his own behalf defendant testified:

''Mr. De Monbrun had a room at my hotel. I did not sell him any whisky on the 25th day of January last or any other time. I did not receive $3 from him for a bottle of whisky. I did not see Hennessey at the hotel at the time he testifies that Hennessey went after whisky.''

Complaint is made that defendant was prevented from having a fair and impartial trial by reason of the misconduct of the county attorney in asking improper questions on his cross-examination of defendant as a witness in his own behalf. The record is as follows:

### Cross-Examination.

''Q. You did not sell him any whisky?  A. No, sir.

''Q. Not in the business?  A. No, sir.

''Q. Was not at that time?  A. No, sir.

''Q. Have you seen this man since that day—well, since you were out of jail?  Since this occurred have you had con-

versation with him concerning the whisky deal you had with him? A. I saw him going to Oklahoma City.

"Q. Did you talk to him about pleading guilty? Did you tell him if he interceded with the court to be light on you you would plead guilty to the offense? A. No, sir.

"Q. Do you know Jack Kivett, the mayor of this city? A. Yes, sir.

"Q. Did you tell him in the presence of your dad-in-law, Mr. Green, that it was just a question of a little time? A. No, sir; I did not tell either one of them. No, sir. They came and asked me to plead guilty, and I told them I was not guilty.

"Q. How long did you run a hotel down there? A. About 17 months, I think.

"Q. Until what time? A. Well, I don't remember just when it was; 3 or 4 weeks ago.

"Q. You were enjoined from running that hotel; service was had on you to appear in Judge Phelps' court to show cause why the hotel should not be closed up because of selling whisky and permitting it to be sold, didn't you? Did you ever appear in defense of this property where whisky was sold to keep injunction from closing that hotel. Did you ever appear hear? A. No, sir.

"Q. You were served with summons by the sheriff? You were notified your hotel was to be closed up, and it was closed up and enjoined? You were party to that suit, running it at the time? A. I haven't been running it since a month ago."

The record shows that the defendant's objections to the questions asked were overruled, and exceptions reserved.

In our opinion the questions asked were improper and prejudicial to the substantial rights of the defendant. It is the province of the jury in a criminal case to try the issue joined by a plea of not guilty, and, if the evidence of the state, uncontradicted, will support a conviction, this court

will not ordinarily interfere with the verdict against the defendant. Here the only evidence against defendant was the uncorroborated testimony of the complaining witness. As a witness on his own behalf defendant denied making the sale, and it was a substantial right of the defendant to have the evidence confined to the issue. It was his testimony against that of the complaining witness, and the only effect the improper questions could have was to prejudice the jury against him. Where the prosecuting attorney asks a defendant on cross-examination questions which he knows, or ought to know, to be improper, and where the questions are asked without the expectation of answers, and where the plain purpose is to prejudice the jury against the defendant, the judgment of conviction will be reversed, unless it appears that the questions could not have influenced the verdict. Pickrell v. State, 5 Okla. Cr. 391, 116 Pac. 957.

Error is also assigned on the admission of incompetent evidence as to defendant's general reputation. The state cannot attack the character of a defendant unless he puts his character in issue by introducing evidence of good character. Cantrell v. State, 12 Okla. Cr. 534, 159 Pac. 1092; Kirk v. State, 11 Okla. Cr. 203, 145 Pac. 307. The court therefore erred in admitting testimony as to defendant's reputation. A person accused of crime is entitled to a fair and impartial trial conducted according to the established principles of law, the most important of which is that the verdict of the jury shall be founded only upon competent evidence. If a defendant cannot be fairly convicted, he should not be convicted at all, and to hold otherwise would be to provide ways and means for the conviction of the innocent.

For the reasons indicated, the judgment is reversed, and a new trial awarded.

MATSON, P. J., and BESSEY, J., concur.