GUY LINDSEY et al. v. STATE.

No. A-5162. Opinion Filed Oct. 1, 1925.
(239 Pac. 684.)

R. C. Roland, for plaintiffs in error.

The Attorney General, for the State.

DOYLE, J. Plaintiffs in error, Guy Lindsey and Sid Giles, were convicted on an information charging that in Carter county, October 26, 1922, they did have in their possession five gallons of whisky with the willful and unlawful intent to sell the same. The jury returned two verdicts, one finding the defendant Lindsey guilty as charged, and fixing his punishment at a fine of $100, and imprisonment in the county jail for 60 days; the other finding the defendant Giles guilty as charged, and fixing his punishment at a fine of $50, and imprisonment in the county jail for 30 days.

From the judgments rendered January 9, 1924, an appeal was perfected by filing in this court on May 8, 1924, petition in error with case-made, but no brief has been filed, and no appearance made in behalf of plaintiffs in error in this court.

The evidence shows that two officers went to the home of the defendant Guy Lindsey, and about daylight found a still about 400 yards east of Guy Lindsey's house,

nearby were a couple of barrels of mash; they followed tracks to the house, and found four boys eating breakfast; one of them pushed over a four-gallon crock full of corn whisky; they found another half-gallon jar in the kitchen over half full of whisky.

The defendant Guy Lindsey did not testify.

As a witness in his behalf, the defendant Giles testified that he did not have any interest in the whisky; that Guy Lindsey invited him out to his place and the night before he was arrested he left Ardmore and drove in a Ford roadster to Lindsey's place, meeting the two officers about two miles outside the city, he spoke to them; that about daylight he got up to go hunting and laid his shotgun aside and was eating breakfast when the officers came in; that Fount Franklin turned over a jar containing whisky.

In rebuttal the state called Officer Ginn, and against the defendant's objections he testified as follows:

"Q. Mr. Ginn, how long have you known Sid Giles? A. I have known him 10 or 15 years.

"Q. State whether or not you are acquainted with his general reputation in the community in which he has lived as being a man who handles whisky or otherwise? A. Yes, sir; I do.

"Q. State whether that reputation is good or bad? A. Bad.

"Mr. Roland: The defendant moves to strike the testimony. (Overruled.)"

By numerous decisions of this court it is held that the state cannot attack the character of a defendant, unless he puts his character in issue by introducing evidence of good character. Kirk v. State, 11 Okla. Cr. 203, 135 P. 307; Cantrell v. State, 12 Okla. Cr. 534, 159 P.

1092; Upton v. State, 12 Okla. Cr. 593, 160 P. 1134; Salyer v. State, 25 Okla. Cr. 433, 221 P. 118.

For the error above indicated, the judgment as to the defendant Sid Giles is reversed.

Finding no material error in the record affecting the rights of the defendant Guy Lindsey, the judgment appealed from herein against him is affirmed.

BESSEY, P. J., and EDWARDS, J., concur.