E. C. JUHL v. STATE.

No. A-7783.   Opinion Filed March 6, 1931.
(296 Pac. 763.)

140

Orban Patterson, for plaintiff in error.

J. Berry King, Atty. Gen., for the State.

DAVENPORT, P. J. The plaintiff in error, hereinafter referred to as the defendant, was convicted of having possession of intoxicating liquor, to wit, choctaw beer, with the unlawful, willful, and wrongful intent to barter, sell, give away, and otherwise furnish the same to others, and was sentenced to pay a fine of $50 and be confined in the county jail for a period of 30 days. From which judgment the defendant has appealed.

Before the trial began the defendant appeared by his attorney and filed a motion to suppress the evidence obtained by the state by a search of the premises at 2427 West G. street, Oklahoma City, Okla., on the 5th day of August, 1929, for the reason that the building searched was used for no purpose other than a homestead, and was not used for a business property or for business purposes. Second, that the officers had no legal search warrant to search the property they did search, and the property seized was in violation of the legal and constitutional rights of the defendant.

Testimony was taken upon the motion to suppress, and the testimony disclosed that the affidavit for the search warrant and the search warrant did not describe the home of the defendant which the officers searched. The testimony shows that the defendant, with his family, lived at 2427 West G., which was not described in the affidavit or the search warrant.

The defendant, has assigned several errors alleged to have been committed by the trial court. Assignment No. 3 is:

"Because the court erred in overruling the defendant's motion to suppress the evidence."

Section 7012, C. O. S. 1921, provides:

"No such warrant shall issue but upon probable cause, supported by oath or affirmation describing as particularly as may be the place to be searched, and the person or thing to be seized."

This section refers to the issuing of search warrants. The general rule is that search warrants are to be strictly construed and the place to be searched is limited to the place described therein.

Section 7013, C. O. S. 1921, is as follows:

"No warrant shall be issued to search a private residence, occupied as such, unless it, or some part of it, is used as a store, shop, hotel, boarding house, or place for storage, or unless such residence is a place of public resort."

In Miller et al. v. State, 34 Okla. Cr. 103, 245 Pac. 68, it is said, it is evident that it was the intention of the framers of the Constitution and the lawmakers to limit the right of search to places and premises where the proper affidavit showing probable cause was filed, particularly describing the premises to be searched. This court has repeatedly held that the description in the affidavit and search warrant must particularly describe the place to be searched and the thing to be seized. Neither the affidavit nor search warrant in this case is sufficient to warrant a search of the defendant's residence, as they do not describe the residence of the defendant with that particularity required by the statute; in fact, neither the affidavit nor the search warrant describes the residence of the defend-

ant. The motion of the defendant to suppress the evidence offered by the state was well taken and should have been sustained. The testimony secured by the illegal search and seizure was inadmissible.

There are other errors assigned by the defendant which possess merit, but in the view we take of this record it is not necessary to consider them. There being no competent testimony to sustain the judgment, the case is reversed.

CHAPPELL and EDWARDS, JJ., concur.