## W. H. HARRIS v. STATE.

No. A-8690.    June 8, 1934.
Rehearing Denied July 12, 1934.
(34 Pac. [2d] 289.)

C. H. Madden, for plaintiff in error.

J. Berry King, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen.. (J. H. Lawson, of counsel), for the State.

DAVENPORT, J. The plaintiff in error, hereinafter referred to as the defendant, was convicted of having possession of intoxicating liquor with intent to barter, sell, give away, and otherwise furnish, and sentenced to pay a fine of $75, and to be imprisoned in the county jail for 50 days.

The evidence shows the officers went to defendant's workshop with a search warrant to search his shop; the floor of the shop was covered with shavings; they found a well bucket buried in a hole in the shape of a cistern; they found nine one-half gallons of whisky.

At the close of the state's testimony the defendant demurred to the same, which demurrer was overruled, and exceptions saved. No evidence was introduced by the defendant.

The only question argued by the defendant is the question of the affidavit for the search warrant being insufficient to warrant the officers in searching his place, and he urges the testimony secured by reason of the search warrant was inadmissible. Otto H. Harris signed the affidavit for the search warrant, and the statement in the

affidavit is positive that the defendant was violating the prohibition laws in a frame building used by the defendant as a workshop, located on lot 1, block 2, of Hollis addition to the city of Hollis, Harmon county, Okla.

To sustain his contention defendant cites McClure v. State, 31 Okla. Cr. 60, 237 Pac. 145. In the McClure Case the affidavit was made on information and belief, which this court has repeatedly held insufficient authority for issuing a search warrant. In this case an examination of the affidavit shows that it states positively that defendant was violating the prohibition laws in his workshop.

In Cahill v. State, 38 Okla. Cr. 236, 260 Pac. 91, in the second paragraph of the syllabus, this court said:

"Where an affidavit is filed before a proper officer, positive in form, setting out facts justifying the issuance of a search warrant, the search warrant issued on such affidavit may not be rendered invalid by evidence attacking the truth of the statements in the affidavit, nor is the admissibility of the evidence obtained by such search warrant affected by proof that the facts therein positively stated were in reality stated upon information and belief."

The affidavit stated facts sufficient to authorize the officers to issue the search warrant, and the testimony procured by the search is sufficient to sustain the conviction. The demurrer to the evidence was properly overruled. Finding no errors in the record, the judgment of the lower court is affirmed.

EDWARDS, P. J., and CHAPPELL, J., concur.