WILLIAM F. WAGNER v. STATE.

No. A-9903. Jan. 7, 1942.
(121 P. 2d 322.)

318

Sigler & Jackson, of Ardmore, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and J. Walker Field, Asst. Atty. Gen., for defendant in error.

JONES, J. The defendant, Wm. F. Wagner, was charged by information in the county court of Carter county, on November 25, 1939, with the offense of unlawful possession of intoxicating liquor, was tried, convicted, and sentenced to serve a term of thirty days in the county jail and to pay a fine of $250 and costs, from which judgment and sentence he appeals to this court.

Counsel for defendant assign as error the following:

(1) That the court erred in admitting testimony in reference to the search of defendant's home, and erred in admitting testimony of the officers as to what they found while in the defendant's home.

(2) That the court erred in overruling objections to the argument of the county attorney.

The affidavit for search warrant complained of by defendant is as follows:

"The State of Oklahoma, Carter County, ss.

In the Name of the State of Oklahoma

"The State of Oklahoma, Plaintiff

vs.

Wm. F. Wagner, 130 3rd Ave. N. E., Ardmore, Okla, defendant

Application for Search Warrant

"Clarence Harris, Chief of Police, Ardmore, of lawful age, being duly sworn, on oath deposes and says: That in Carter County, State of Oklahoma, on the 21st day of November, 1939, the above named defendant Wm. F. Wagner at number 130 3rd Ave. N. E., in a certain building described as follows: a One Story Frame building, a resident in Carter County, did, then and there unlawfully have in their possession and under their control, and do now keep for the purpose of selling, bartering, giving away and otherwise furnishing certain intoxicating liquors. * * *

"That the aforesaid premises is a place used for the storage of intoxicating liquors in violation of the Statutes of Oklahoma.

"* * *."

The description in the search warrant, based upon the above affidavit, is as follows:

"* * * on the 21st day of Nov., 1939, Wm. F. Wagner, Ardmore, Oklahoma, and John Doe, whose real name is not known, has sundry liquors: To wit, whisky, wine, ale & beer at number 130 3rd Ave. N. E., Ardmore, in a certain building described as a one story frame building A resident in Ardmore in Carter County, Oklahoma * * *."

Counsel for defendant state in their brief:

"In the outset we say that the affidavit for the search warrant was insufficient for the reason that it did not describe any property whatever. The description in the affidavit for the search warrant simply described the property at '130 3rd Ave. N. E., in a certain building described as follows: One story frame building, a resident in Carter county, Oklahoma.'

"In the first place we say that the mere fact that this was a residence and the affidavit said it was a residence rendered this affidavit insufficient to search the residence. In addition to that there would certainly have to be a description more definite than that given in the

application for a search warrant. To describe a place as a frame building, a residence in Carter county is covering too much territory."

The affidavit in question does more than to describe a place as a frame building, a "residence" in Carter county. "Wm. F. Wagner, 130 3rd Ave. N. E., Ardmore, Okla.," is set out in the style of the application. The description proper sets out: "Wm. F. Wagner at number 130 3rd Ave. N. E. in a certain building described as follows: a One Story Frame building, a resident in Carter County." The search warrant contains a complete description of the premises taken wholly from the affidavit.

In Juhl v. State, 50 Okla. Cr. 139, 296 P. 763, it is stated:

"A search warrant is limited to the premises described in the affidavit, and may not include additional or different places to be searched than those described therein."

Although this affidavit does not appear to have been carefully drawn, we think it is sufficient because it gave all the information sufficient for a proper search warrant.

As to the contention that the affidavit refers to the premises as a "residence" and for that reason the search and seizure was illegal, we cannot agree. From a reading of the affidavit, it appeared to us that the word "resident" in the description was used advisedly, and referred to the defendant. But from a reading of the descriptive part of the search warrant, it appears that there is some merit to the contention of defendant that the premises were referred to as a residence, in that "resident" was used in the affidavit and search warrant in the sense of "residence". However, even if the place to be searched was referred to as a residence, it is immaterial in this instance. The statement in the affidavit that the premises is a place

of storage for intoxicating liquor is sufficient for issuance of a search warrant for a private residence. Sec. 2639, O. S. 1931, 37 Okla. St. Ann. § 88. Hyatt v. State, 38 Okla. Cr. 382, 262 P. 215.

The evidence on behalf of the state, in addition to disclosing the whisky which was found in the place of business of the defendant, further showed that the premises searched was a place of public resort, where people came and went regularly, that whisky has been stored there by defendant, and that there were glasses, tables, and many empty whisky bottles in the place. No evidence was offered on behalf of the defendant.

In connection with the contention of the defendant that the statement made by the county attorney in his closing argument to the effect: "We've got him down there in an open, notorious place of public resort," is prejudicial, we find that this question has not been properly preserved for review by this court; but in view of the evidence and the undisputed proof, we cannot say that such statement, if made, was prejudicial to the defendant.

Finding no substantial error in the record, the case is affirmed.

BAREFOOT, P. J., and DOYLE, J., concur.