## BEN HUDGENS v. STATE.

No. A-9906.   Feb. 18, 1942.

(122 P. 2d 815.)

Robert J. Bell, of McAlester, for defendant.

58

Mac Q. Williamson, Atty. Gen., J. Walker Field, Asst. Atty. Gen., and Paul Gotcher, Co. Atty., of Mc-Alester, for the State.

BAREFOOT, P. J. Defendant, Ben Hudgens, was charged in the county court of Pittsburg county with the crime of unlawful possession of intoxicating liquor, to wit: eight half-pints of Sunny South whisky, was tried, convicted and sentenced to pay a fine of $100, and serve 30 days in the county jail, and has appealed.

Defendant has assigned 12 errors, but in his brief has discussed them under five heads. The first three are that the court erred in overruling the motion to suppress the evidence and to quash the search warrant.

The search was based upon a search warrant issued to search the residence of defendant. It was issued on the first day of February, 1940. It is contended that the proof did not show that it was a place of "public resort" nor was it "a store, shop, hotel, boarding house, or place for storage" as provided by Oklahoma Statutes 1931, section 2639, O. S. A. Title 37, § 88. It is further contended that the affidavit upon which the search warrant was based was upon information and belief. The affidavit was as follows:

"State of Oklahoma,      In the Justice of the Peace Court
                    ss.
"Pittsburg County,      Before Ernest W. Thomas Justice of the Peace in and for McAlester District, Pittsburg County, Oklahoma,

"The State of Oklahoma
       vs.
"Ben Hudgens and Peggy Hudgens

"Comes now Walter Haggard and being duly sworn on oath states to the court that he has probable cause to believe and affiant does believe that intoxicating liquor is being manufactured, sold, bartered, given away and

otherwise furnished, by: Ben Hudgens and Peggy Hudgens upon and about the following described premises to-wit: One five room stone veneer house at No. 1020 East Delaware Avenue in the City of McAlester, Oklahoma, and occupied by Ben Hudgens and Peggy Hudgens as a residence.

"That said premises are occupied as a residence and a part or all of said residence is used as a store, shop, hotel, boarding house or place of storage and said residence is a place of public resort: That the said Ben Hudgens and Peggy Hudgens has the reputation in the community in which he resides and in which the above described premises are located of being a person who deals in intoxicating liquor in violation of law and that the above described premises have the reputation in the neighborhood in which they are situated of being a public nuisance and a place where intoxicating liquors can be and are bought and consumed by the public in general at any hour of the day or night; that this affiant has seen known users of intoxicating liquor, several at a time, coming from said premises in a state of intoxication and has seen liquor drinkers, several at a time, going into said premises at a late hour of the night; that it has been reported to this affiant by reputable citizens that intoxicating liquors are at the present time kept and sold upon said premises by the said Ben Hudgens and Peggy Hudgens in violation of law. That affiant has personally seen large numbers of automobiles take personal property from said premises at all hours of the night. That the said Ben Hudgens has a United States liquor dealers license. The said Ben Hudgens and Peggy Hudgens have heretofore been convicted of possession of intoxicating liquor with intent to sell, give away or otherwise furnish the same.

"That said liquors are so kept, stored, sold, given away or manufactured and otherwise furnished in violation of law and against the peace and dignity of the state.

"Wherefore complainant prays that a search warrant issue and a search of said premises be made for all liq-

uor, vessels in which it is contained and all implements and utensils used in the unlawful manufacturing of said liquor.

"Walter Haggard

"Subscribed and sworn to before me this 1st day of February, 1940.

"Ernest W. Thomas
"Justice of the Peace."

The question of the sufficiency of the affidavit to support the issuance of a search warrant must be determined from the terms of the affidavit. The argument that its terms should not be considered because a part of them were in printed form cannot be sustained. A reading of the affidavit reveals that the identical words of the statute are used when it states "said residence is used as a store, shop, hotel, boarding house or place of storage, and said residence is a place of public resort." It is true that in the first paragraph of the affidavit it is stated that affiant "has probable cause to believe and affiant does believe," but in the following paragraph the facts are stated in positive terms upon which this belief is based. When these positive facts "which are personally known" are stated, it should not be held that this statement is dependent upon the first paragraph of the affidavit as above stated. Wagner v. State, 72 Okla. Cr. 393, 117 P. 2d 162; Hays v. State, 71 Okla. Cr. 62, 108 P. 2d 187.

These facts which were personally known to affiant are stated in the affidavit above quoted. It is unnecessary to repeat them. They were sufficient upon their face to cause the magistrate to believe there was probable cause for the issuance of a search warrant to search the premises described therein. This is in harmony with the later decisions of this court. Wagner v. State, supra, and Hays v. State, supra.

There was evidence introduced by the state to show that defendant had obtained and was in possession of a federal liquor dealer's license. It was contended by defendant that this license was for his restaurant or place of business which was situated about 12 blocks from where the liquor in question was found at his residence. However, his testimony shows that he had taken out a $25 stamp which was for the sale of both beer and intoxicating liquor. The price of a beer stamp was only $20. It is argued by defendant that the fact that the affidavit states the defendant "Ben Hudgens has a United States liquor dealers license" should not have been considered by the court in determining whether the search warrant should have been issued. In support of this contention the case of Robinson v. State, 66 Okla. Cr. 139, 90 P. 2d 54, is cited. This case does not support defendant's position. In the Robinson Case there was no evidence to show that defendant had possession of the liquor charged. In the instant case the liquor was found in the home or residence of defendant, and the question of possession was a question of fact for the jury to decide. We have held in the case of Peters v. State, 71 Okla. Cr. 175, 110 P. 2d 300, that an allegation such as above was proper for the consideration of the magistrate in determining whether or not a search warrant should be issued.

The evidence in this case revealed the defendant was the owner of a residence at "No. 1020 East Delaware Avenue in the City of McAlester, Oklahoma," on the 1st day of February, 1940. That he and his family resided there. That he operated a restaurant about 12 blocks distant therefrom. That on February 1, 1940, the sheriff of Pittsburg county and two of his deputies procured a search warrant and searched the residence of defendant as above described. Neither defendant nor his wife was

present at the time the search was made, but they were at his place of business. That it was necessary to break the screen in order to enter the house, but no property of any kind was destroyed or interfered with in making this search. The officers are to be commended in so conducting themselves. The officers found under the bathtub behind a paper that was torn from the wall eight half-pints of whisky. The officers also found a truck in the backyard, and in the truck and near it were found a number of brown paper wrappers such as come around bottles of whisky and marked "SS", which the officers testified were the initials for "Sunny South" whisky, and a number of empty whisky bottles. Proof was also offered by the state to show the possession of the federal internal revenue stamp as above indicated.

Defendant on cross-examination testified that he had been previously convicted and served a sentence for a violation of the prohibition law. Defendant took the witness stand and denied possession of the liquor, stating that he never knew it was there and that his truck was broken and had not been used for some time. It will thus be seen that an issue of fact was presented to the jury, and this court will not set aside a verdict of the jury where there is a conflict in the evidence and the evidence of the state is sufficient to sustain the same.

It is further contended that the court erred in refusing to give certain requested instructions and erred in certain instructions given to the jury. It would unnecessarily prolong this opinion to go into a detailed discussion of these alleged errors. The contention is very technical. The instructions requested were given in a modified form, and we think that the instructions as a whole fairly stated the law.

It is further contended that the court erred in permitting the county attorney to ask certain questions with

reference to proof of the reputation of defendant and defendant's home without the proper predicate being laid therefor. The court sustained objections to this testimony and instructed the jury not to consider the same. It is contended that the asking of these questions by the county attorney in the presence of the jury was prejudicial to defendant, notwithstanding the sustaining of objections to same by the court. We have often held that it is not permissible for the state to prove the reputation of defendant where one is charged with the unlawful possession of intoxicating liquor. Lindsey v. State, 31 Okla. Cr. 406, 239 P. 684; Giles v. State, 55 Okla. Cr. 145, 28 P. 2d 600. It is permissible to prove the reputation of the premises after a proper predicate is first laid showing that the place is a place of public resort or comes within the terms prescribed by the statute. Rainey v. State, 71 Okla. Cr. 1, 107 P. 2d 371; Strong v. State, 63 Okla. Cr. 184, 73 P. 2d 876; Frazier v. State, 31 Okla. Cr. 324, 239 P. 185; Ward v. State, 15 Okla. Cr. 150, 175 P. 557; Brown v. State, 72 Okla. Cr. 333, 116 P. 2d 216. While we do not consider that these errors are sufficient to reverse this case by reason of the fact that the court sustained objections to this evidence and instructed the jury not to consider the same, we are of the opinion that the judgment and sentence should be modified to the minimum punishment provided by the statute by reason of the county attorney's asking these questions in the presence of the jury.

The judgment and sentence of the county court of Pittsburg county is modified from a judgment and sentence of $100 fine and 30 days in jail to a fine of $50 and 30 days in jail, and as so modified, the judgment and sentence is affirmed.

JONES, J., concurs. DOYLE, J., absent and not participating.