## DAISY MEDLEY v. STATE.

No. A-10459. Oct. 25, 1945.

(162 P. 2d 881.)

A. L. Commons, of Miami, for plaintiff in error.

Randell S. Cobb, Atty. Gen., J. Walker Field, Asst. Atty. Gen., and Charles C. Chestnut, Co. Atty., of Miami, for defendant in error.

BAREFOOT, P. J. Defendant, Daisy Medley, was charged in the county court of Ottawa county with the unlawful possession of intoxicating liquor, to wit: 21 one-half pints of whisky, five pints of whisky, two quarts of whisky, three one-fifth gallons of whisky, and one partially full one-fifth gallon of whisky, was tried, convicted and sentenced to pay a fine of $50 and to serve 30 days in the county jail, and has appealed.

For reversal of this case, it is contended:

"1. The trial court erred in refusing to suppress the evidence.

"2. That the verdict is insufficient in form and is indefinite.

"3. (a) Failure of the court to instruct the jury to return a verdict of not guilty at the conclusion of the opening statement by the state.

"(b) The remarks of the county attorney in his opening statement were prejudicial and entitled the defendant to a mis-trial."

As to the first proposition, the record reveals that a motion to suppress the evidence obtained by reason of the execution of a search warrant on defendant's premises was filed and heard by the court prior to the trial. The motion to suppress need not be quoted. Defendant in her brief relies principally upon the proposition that the search was of the private residence of defendant, and not of a roominghouse, as alleged in the affidavit which was introduced in evidence at the hearing. Two witnesses were placed upon the stand by defendant to support the motion: Lawrence Voyles, the justice of the peace who testified to the filing of the affidavit and issuance of the search warrant; and Frank E. Williams, the chief of police of the city of Pitcher, who signed the affidavit

and procured the search warrant, and with the assistance of other officers executed the same.

The evidence of this officer was that after he secured the search warrant, he went to the roominghouse of the defendant in Pitcher. That it consisted of at least 12 rooms, and that there was a sign on the same "Daisy Rooms," and it was known by this name, and was so described in the affidavit and search warrant, together with a more detailed description. He testified that upon entering the premises the defendant was present in the front room, and he informed her that he had a warrant for her and she ran into the kitchen and locked the door. She finally emerged, and told the officers they could search the premises. The warrant was placed on the table. When the search was made, they found the bonded whisky heretofore described in a "cache" in the kitchen. Defendant made the remark to the officers, "If we didn't quit raiding her we were going to run her out of business."

On cross-examination the chief of police testified that it was known as a rooming house, but that defendant did not have any "boarders" that day. This question was asked him:

"Q. Didn't have any boarders? Her private residence at that time? A. Yes."

It is by reason of this answer that it is claimed the search was of a private residence, and therefore illegal. To support this contention, the case of Booth v. State, 67 Okla. Cr. 413, 94 P. 2d 846, is cited. We have examined this case, and find that the facts stated therein are in no wise applicable to the facts here. In that case it was found that the affidavit was made upon information and belief, and that the court refused to sustain a

motion to quash the jury panel, and the case was reversed. The statement that the affidavit was made on information and belief was eliminated in this case, and the affidavit was a positive statement. The testimony of the chief of police on the motion to quash was to the effect that he had positive knowledge of statements made in the affidavit. The allegations of the affidavit were sufficient for the issuance of a warrant to search a private residence. The case of Wagner v. State, 73 Okla. Cr. 317, 121 P. 2d 322, is more directly in point. See also: Nelson v. State, 73 Okla. Cr. 113, 118 P. 2d 405; Washington v. State, 73 Okla. Cr. 81, 118 P. 2d 267; Hudgens v. State, 74 Okla. Cr. 56, 122 P. 2d 815.

We find that the court did not err in overruling the motion to suppress the evidence.

The second assignment of error is based upon the form of the verdict, which, omitting the caption, is as follows:

"We, the jury, impaneled and sworn in the above entitled cause, do upon our oaths find the defendant
                    Daisy Medley
as charged in the information.
            Guilty          30 days      $50.00"
Counsel for defendant, in his brief, makes this statement:

"We are not unmindful that strict technical rules of construction should never be applied to a verdict and that a verdict should receive a common sense construction, provided, however, when the verdict is returned that counsel for defendant is not asleep and makes a proper objection."

The following cases are then cited: Love v. State, 12 Okla. Cr. 1, 150 P. 913; Fannin v. State, 65 Okla. Cr. 444, 88 P. 2d 671; Nance et al. v. State, 43 Okla. Cr.

247, 278 P. 357; Coleman v. State, 16 Okla. Cr. 579, 194 P. 282; Stansell et al. v. State 30 Okla. Cr. 265, 235 P. 937.

These cases, when carefully analyzed, do not uphold defendant's contention that the verdict here rendered was invalid. In practically all of the cases, the verdict is upheld. It is sought to make a distinction that in the instant case objection was made at the time the verdict was received. While it might have been better if the court had required the verdict to be made more certain, we are of the opinion that the verdict was such that it was not error for the court to enter judgment thereon.

In the case of Love v. State, supra, cited by defendant, the court says [12 Okla. Cr. 1, 150 P. 917]:

"While verdicts in criminal cases should be certain, and free from ambiguity, yet any words that convey, beyond a reasonable doubt, the meaning and intention of the jury, are sufficient, and all fair intendments will be made to sustain them."

And in the case of Fannin v. State, supra, it was said [65 Okla. Cr. 444, 88 P. 2d 677]:

"Strict technical rules of construction should never be applied to the verdict of a jury. Their verdict should receive a common-sense construction, and, if it is possible to arrive at the intent and purpose of the jury, the verdict should be upheld."

Also in Nance v. State, supra:

"Where an informal verdict is returned, it should be objected to at the time, and the attention of the court called to its defective form so that it may be corrected. When this is not done, all reasonable intendments and inferences will be indulged in to sustain the verdict."

In Coleman v. State, supra:

"A verdict will not be held void for uncertainty if its meaning can be determined by reference to the record proper."

And in Stansell v. State, supra:

"Where, from an examination of the verdict and the entire record, the intent and purpose of the jury as expressed in their verdict may be clearly ascertained, it will be upheld."

From the above cases it will at once be observed that the verdict here rendered is not so indefinite and uncertain as to make it void. The verdict states that the defendant was found guilty. The instructions of the court to the jury stated the punishment that could be assessed under the statute. The punishment assessed was the minimum. It was clearly the intention of the jury that a "jail" sentence of 30 days was intended to be assessed by the jury, although the word "jail" was not included in the verdict.

The third assignment of error that the court erred in failing to instruct the jury to return a verdict of not guilty at the conclusion of the opening statement by the state cannot be upheld. The statement of facts heretofore made clearly shows that under the evidence presented in this case it was proper to submit the same to the jury.

We have examined the record and read the opening statement of the county attorney to the jury. We find nothing therein which would justify a reversal of this case.

For the reasons above stated, the judgment of the county court of Ottawa county is affirmed.

JONES, J., concurs. DOYLE, J., not participating.