### JOHN D. LINDE v. STATE.

No. A-10585.    Dec. 18, 1946.

(175 P. 2d 370.)

Herbert K. Hyde and Lee Williams, both of Oklahoma City, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

BAREFOOT, J. The attempted appeal in this case is from an order of the court of common pleas in Oklahoma county, overruling a motion filed by the defendant in a case in which he had been charged with the unlawful possession of intoxicating liquor in said court. The case against the defendant is still pending and untried.

The facts surrounding this attempted appeal are as follows:

An officer, M. B. Cooper, on June 14, 1944, filed an affidavit in the office of Otis D. James, a justice of the peace of Oklahoma City, Oklahoma county, for the purpose of securing a search warrant to search the premises of the defendant. On the same date a search warrant was issued and the officer to whom it was issued executed the search, and, on June 18, 1944, made the following return to the office of the justice of the peace:

"State of Oklahoma, Oklahoma County, ss.

"Received this writ this 14th day of June, 1944, and executed the same by arresting John D. Linde, Case No. 4083 and by seizing the following described property, the same being covered by this warrant, to-wit:

"Possession 64 pints tax pd liquor

"Warrant served on Mrs. John Linde on the 18th day of June, 1944, and by bringing said person and property before the court.

(Signed) "M. B. Cooper."

Later, and on July 17, 1944, defendant filed in the office of the justice of the peace a pleading which was denominated "Plea of Intervention." This pleading was as follows:

"Comes now John D. Linde, petitioner, and represents and shows to the court the following state of facts:

"1. That on the 14th day of June, 1944, one M. B. Cooper appeared before this Honorable Court and made and filed an affidavit and application for search warrant for a residence located at 1845 Northwest Eighth Street in Oklahoma City, Oklahoma; and on said date a search warrant was issued based upon said affidavit and application; copies of which affidavit and warrant are hereto attached, marked "Exhibit A & B" respectively, and made a part hereof.

"2 That thereafter, and on the 18th day of June, 1944, said search warrant was executed by the said M. B. Cooper making a search of said premises.

"3 Your petitioner further alleges and states that the said affidavit and application and said search warrant was and are unlawful and void, for the reason that said affidavit was based wholly upon information and belief, and was without any authority of law; that while said affidavit appears to be made upon positive allegations, that the said M. B. Cooper had no positive knowledge or information of any of the things therein alleged; and that the said search warrant and the search made thereunder as aforesaid are therefore wholly void, and constitute an unreasonable search and seizure in violation of the constitutional rights of this intervener.

"4 Your petitioner further alleges that he is employed in a substantial gainful occupation, having worked for one company for a period of ten years; that he is 33 years of age, and has never been arrested before in his life for any offense whatsoever; that he was the owner of said premises above described, and was and is living there with

his wife as a bona fide resident and taxpayer of the city and county of Oklahoma; that said premises is not a place where intoxicating liquors are sold or given away, and that the same is not a place of public resort where people congregate for the purpose of violating the prohibitory liquor laws of the State of Oklahoma.

"Wherefore, your petitioner prays that this court set this matter for hearing in accordance with the provisions of section 85 of Title 37 of the Oklahoma Statutes of 1941, at which the issues of facts herein raised shall be heard and determined, and that upon such hearing that this court shall determine that said search and seizure were and are unlawful and illegal, and that said search warrant and all proceedings thereunder be quashed, set aside and held for naught."

The above plea of intervention was set for hearing on July 18, 1944, and at that time the county attorney presented a demurrer to the plea, which is as follows:

"1   That the intervener, in his plea of intervention, does not claim any interest in any of the property or things seized.

"2.   That the written plea of intervention does not state facts sufficient to constitute grounds for a hearing, in accordance with the provisions of section 85, Title 37, O. S. A. 1941."

When the demurrer was presented, defendant asked leave to amend the plea of intervention by adding to paragraph numbered 2 the following: "And seizing therefrom approximately 64 pints of tax-paid liquor belonging to petitioner and which he had for his own personal use." And by adding to his prayer: "And that said 64 pints of liquor be ordered returned to petitioner."

The court allowed the amendments and the defendant again swore to the plea.

The court overruled the demurrer, and the county attorney dictated into the records a motion to dismiss the petition, as follows:

"Comes now the state of Oklahoma, ex rel George Miskovsky, County Attorney of Oklahoma County, and moves the court to dismiss the plea and amended plea of intervention filed herein on the ground that the plea of intervention shows on its face that the property seized is contraband goods, and was unlawfully in possession in violation of the laws of the state of Oklahoma, and that this court is without jurisdiction to determine whether the said whisky was lawfully in the possession of the petitioner, or unlawfully in his possession; that that is a matter to be determined by the criminal case now pending in the common pleas court in the state of Oklahoma against the defendant and intervener John D. Linde, and for the further reason that the intervener does not have the lawful right to show that the statements in the affidavit for a search warrant are not true, or to raise any question as to the accuracy or source of the affiant's information, or the means by which it was obtained at the time of the procuring of the search warrant."

The justice of the peace overruled the motion to dismiss and then heard testimony offered by the petitioner in support of his plea of intervention.

Mr. Cooper, the police officer who made the affidavit, testified with reference to the making of the affidavit, and the search of defendant's premises, and the finding of the liquor as shown by the return. He was also permitted to testify as to the knowledge he had before making the affidavit, in an attempt by petitioner to show that the affidavit was made upon information and belief, and not upon facts known by the officer at the time he made the affidavit, and that the statements made in the affidavit were not true.

At the end of the hearing of testimony, the court made the following record:

"It will be the order of this court in this case that the search warrant herein complained of is lawful and legal, and that the plea of intervention of the petitioner, John D. Linde, be, and the same is hereby denied and that the affidavit and search warrant are legal and valid for all purposes made and provided in this action. It is so ordered by the court."

Counsel for defendant filed an attempted appeal from the above order to the court of common pleas of Oklahoma county, where there was then pending an information filed by the county attorney of Oklahoma county charging defendant with the unlawful possession of the intoxicating liquor found as the result of the search of defendant's premises as above stated.

Defendant, on September 7, 1944, filed in the court of common pleas a "Motion to consolidate cases, and to quash search warrant and suppress evidence." This motion set up fully the proceedings heretofore stated, and concluded with the following prayer:

"Wherefore defendant prays that the said causes be consolidated and heard, and that said search warrant be quashed and the evidence seized by virtue thereof suppressed and the aforesaid cause No· 7546 be dismissed."

The court permitted the consolidation plea, and heard evidence as had been done in the justice court, as to the knowledge of Officer Cooper at the time he made the affidavit. Both the affidavit and the search warrant were introduced in evidence.

After the completion of the hearing, the following proceedings were had:

"Mr. Tellegen: Comes now the state of Oklahoma and moves the court for a decision and judgment in favor of the State and against the Interpleader herein, for the reason that the procedure of the Interpleader is unauthorized by law, and is contrary to law; that Title 37, Section 85, O. S. 1941, provides for a hearing to determine whether or not the property seized under the search warrant in question was used in violation of the laws of the State of Oklahoma; that the instant case is a civil appeal from the Justice of the Peace Court which issued the search warrant herein; that the Petitioner specifically prayed and asked for a hearing in accordance with the provisions of Section 85, Title 37, O. S. 1941; that the said provision does not provide for a procedure for determining the legality of the search warrant; that the affidavit for search warrant and warrant are valid and legal on their faces, and this court is without jurisdiction under the law to permit the Petitioner to show that the statements in the affidavit or complaint are not true, or to raise any question as to the accuracy of the source of the affiant's information or means by which it was obtained, and that the court is without authority of law to cancel or withdraw or vacate the search warrant issued by the justice of the peace, which was introduced in evidence in this case. (Argument and discussion off the record; then) : The Court: The court is going to render judgment in favor of the State in this matter. Let the record show that the court renders judgment herein in favor of the State of Oklahoma and against the Interpleader, on the motion for judgment, without considering all of the reasons set forth in said motion. I think some of them are wrong. Mr. Williams: The court isn't going to make any findings of fact or conclusions of law? The Court: No. Mr. Williams: Then, the defendant gives notice in open court of intention to appeal, and asks for time in which to make and serve a case-made. The Court: All right. Mr. Williams: I expect we ought to give an appeal bond. We gave one to this court. I don't know whether that is sufficient or not. The Court: The defendant will be given and allowed 20 days from this date within which to make and serve a case-made on appeal, the State to have

three days thereafter in which to suggest amendments, and the case-made to be signed and settled by the court on three day's written notice by either side. The only appeal bond that the court will require will be a bond in sufficient amount to cover the costs, which would probably be about $50. Mr. Williams: That was, of course, the kind of bond we made in the justice court. The Court: Yes, sir. Mr. Williams: I expect we ought to make a new one. The Court: Te defendant is granted 20 days from this date to make and serve case-made, the state to have three days thereafter in which to suggest amendments, and the same to be settled and signed on three days' written notice by either party. I expect you had better file a motion for new trial. You have three days in which to do that. Mr. Williams: I will do that, but I want to protect it both ways. The Court: Appeal bond is fixed in the amount of $50.

There was filed in this court, on November 29, 1944, a petition in error with case-made attached, setting forth the above proceedings. This attempted appeal from the order of the court of common pleas is now before us. Both the defendant and the state have filed briefs in support of their respective contentions.

It is the contention of the state that the appeal as here attempted is unauthorized and not provided for by the statute, and that the appeal should be dismissed. This is the question for consideration.

The procedure attempted to be followed by defendant is based upon Tit. 37 O. S. 1941, § 85, which is as follows:

"Upon the return of such warrant, as provided in (§ 84 of this Title), the judge or magistrate shall fix a time, not less than ten days, nor more than thirty days thereafter, for hearing of said return, when he shall proceed to hear and determine whether or not the property and things so seized or any part thereof, were used, or in any manner kept or possessed by any person within this state, with the intention of violating any of the provisions of this act. At

such hearing any person claiming any interest in any of the property or things seized, may appear and be heard upon filing a written plea of intervention setting forth particularly the character and extent of his claim; but upon such hearing the sworn complaint or affidavit, upon which the search warrant was issued, shall constitute prima facie evidence of the contraband character of the property and things seized, and the burden shall rest upon the claimant to show, by competent evidence, his property right or interest in the thing claimed, and that the same was not used in violation of any of the provisions of this act, and was not in any manner kept or possessed with the intention of violating any of the provisions of this act. If, upon such hearing, no person shall appear as a claimant for any of the property and things seized, the judge or magistrate shall thereupon enter judgment of forfeiture in favor of the state without requiring or receiving any other evidence than that contained in the sworn complaint or affidavit upon which the search warrant was issued; if upon such hearing, any person shall appear as claimant to the property or things seized, or any portion thereof, the issue of fact thus raised shall be tried in the manner provided by law and judgment shall thereupon be entered accordingly."

This is the first instance in which the procedure here attempted has been before this court. This section has always been considered as one having special application to property, and, being of a civil nature, appeals under this section have been to the Supreme Court, and not to the Criminal Court of Appeals.

In the case of State ex rel. Caldwell v. Hooker, 22 Okla. 712, 98 P. 964, 965, Chief Justice Williams of the Supreme Court said:

"In trials as to *property rights* under section 6, Art. 3, of the enforcing act (Laws 1907-08, p. 605, c. 69), claimants are entitled to the right of trial by jury." (Same statute see Tit. 37 O. S. 1941 § 85.)

Tit. 37 O. S. 1941 § 85, supra, should be construed in connection with section 84 of the same title, the preceding section, which provides for the procurement and issuance of search warrants in liquor cases. Section 85, supra, provides:

"* * * when he shall proceed to hear and determine whether or not the property and things so seized or any part thereof, were used, or in any manner kept or possessed by any person within this state, with the intention of violating any of the provisions of this act."

This is the sole purpose of the hearing. It does not provide a procedure as here attempted to attack the sufficiency of the affidavit and application for the search warrant. There was no statutory provision authorizing an appeal from the order of the justice of the peace to the court of common pleas, or to this court from the order of the court of common pleas, in so far as the seizure of intoxicating liquor is concerned. Section 85, supra, does not provide for an appeal from such orders to this court. A criminal case was filed in the court of common pleas as a result of this search. Defendant had the right to file a motion to suppress the evidence and thus test the legality of the search warrant and in case of an adverse ruling and a conviction he had the right to appeal to this court, and any error in the ruling as to the legality of the search warrant could then have been corrected. This has always been the procedure followed under these statutes. It has been the uniform holding of this court that the truth of the affidavit to procure a search warrant, positively sworn to, is not an issue in the trial of a case in which evidence procured by search warrant is offered. Phillips v. State, 34 Okla. Cr. 52, 244 P. 451; Blair v. State, 55 Okla. Cr. 280, 29 P. 2d 998; Harris v. State, 56 Okla. Cr. 105, 34 P. 2d 289; Luther v. State, 80

Okla. Cr. 252, 158 P. 2d 481; Medley v. State, 81 Okla. Cr. 242, 162 P. 2d 881.

The procedure attempted to be followed in the instant case is a clear-cut reason why the construction contended for by defendant should not be given to the statute above quoted. The search warrant was issued on June 14, 1944, and executed soon thereafter. Sixty-four pints of intoxicating liquor were found and defendant was charged with the illegal possession thereof in the court of common pleas of Oklahoma county. By the filing of the motion of intervention, and appealing therefrom, the original case against the defendant has not been tried and no final judgment or order has been rendered thereon, from which an appeal can be taken to this court. Such a procedure as this would make a farce of the statute, and delay trials of the main issue involved by reason of the search and finding of the intoxicating liquor. We do not believe it was the intention of the Legislature that this procedure should be followed.

We are of the opinion that the order made by the court was not a final order from which an appeal will lie to this court, and this appeal should, therefore, be dismissed and the court of common pleas of Oklahoma county should proceed with the trial of defendant on the charge pending against him in said court.

It is therefore ordered that the attempted appeal herein be, and the same is hereby dismissed, for the reasons hereinbefore stated.

JONES, P. J., concurs. DOYLE, J., not participating.