## GRIFFIN v. STATE.

No. A-11640. June 4, 1952.

Rehearing Denied Aug. 6, 1952.

(246 P. 2d 424.)

Irvine E. Ungerman, Tulsa, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

BRETT, P. J. This is an appeal by plaintiff in error Fred Griffin, defendant below. The defendant was charged by information in the district court of Tulsa county, Oklahoma, with the crime of unlawful possession of intoxicating liquor as follows, to wit, 12 pints and 9 fifths of Belmont, 6 pints and 7 fifths of Gilbys Gin, 3 fifths Gordon Gin, 9 pints and 3 fifths of Ancient Age, 7 pints and 4 fifths of Seagrams 7 Crown, 2 pints Piping Rock Gin, 10 pints of Hill & Hill, 11 pints of Sunnybrook, 4 pints and 3 fifths of Old Forrester, 4 pints of Glenmore, 5 pints and 3 fifths of Kentucky Tavern, 3 fifths of I. W. Harper, 1 fifth of Black and White Scotch, 1 fifth of Roma Port Wine, 1 fifth of Teachers Scotch, and 2 fifths of Bacardi Rum. It was further alleged that the defendant had a prior convic-

tion on the 19th day of September, 1947, for a like offense, Griffin v. State, 90 Okla. Cr. 90, 210 P. 2d 671. Herein a jury was waived and the case tried to the court, which found the defendant guilty and fixed his punishment at 90 days in jail and a fine of $300, and entered judgment and sentence accordingly.

A motion to suppress the evidence herein was made, presented, and by the trial judge overruled. The defendant's sole ground for reversal is the trial court erred in overruling the motion to suppress. The attack is predicated on the alleged insufficiency of the affidavit upon which the search warrant was issued, to the effect that the affidavit does not contain statements of fact but conclusions of law based upon information and belief. This argument is maintained in face of the admission that this court has repeatedly held that one may not go behind the positive allegations in the affidavit for search warrant, and show that the statements therein were not true and that the officer making the affidavit did not have personal knowledge of the facts therein alleged.

In Hughes v. State, 85 Okla. Cr. 25, 184 P. 2d 625, 626, we said:

"Counsel for defendant then attempted to go behind the affidavit for the search warrant and show that the officer did not have sufficient knowledge of the charges alleged in the affidavit. We have repeatedly held that this can not be done. Phillips v. State, 34 Okla. Cr. 52, 244 P. 451; Harris v. State, 56 Okla. Cr. 105, 34 P. 2d 289; Young v. State, 74 Okla. Cr. 64, 123 P. 2d 294; Hudgens v. State, 74 Okla. Cr. 56, 122 P. 2d 815; Luther v. State, 80 Okla. Cr. 252, 158 P. 2d 481; Medley v. State, 81 Okla. Cr. 242, 162 P. 2d 881; Linde v. State, 83 Okla. Cr. 268, 175 P. 2d 370; Workman v. State, 83 Okla. Cr. 245, 175 P. 2d 318. The affidavit in the instant case contained positive statements of facts as to the illegal possession of intoxicating liquor."

The affidavit herein states:

"Roy Bradshaw, being first duly sworn, upon oath deposes and says: That certain intoxicating liquor is being sold, stored, transported, given away, and otherwise furnished; and is being kept for the purpose of being sold, stored, transported, given away, and otherwise furnished in violation of the prohibitory laws of the State of Oklahoma; the kind and description of said intoxicating liquor being as follows, to-wit: Wine, Beer, Whiskey and Other Intoxicating Liquor, and imitations thereof and substitutes therefor, the exact quantity thereof being unknown.

"I know that Winnie Johnson and John Doe are delivering whiskey on the streets and alleys in the City of Tulsa in this automobile. I know that Winnie Johnson retails whiskey.

"That said intoxicating liquors are being disposed of and kept by one Winnie Johnson and John Doe whose more full and correct name is to affiant unknown, in the manner aforesaid, in and/or on the following described motor vehicle, situated in Tulsa County, Oklahoma, to-wit: a certain maroon colored Ford Coupe, bearing 1950 Oklahoma License Number 2-2641 which said motor vehicle is being used in secreting, storing and transporting intoxicating liquors in and on the streets and alleys of the City of Tulsa and the highways and roads of Tulsa County, Oklahoma.

"Wherefore, Your complainant prays that a Search Warrant directed to the sheriff, any deputy sheriff, marshal, constable or policeman for said County be issued commanding him to search the motor vehicle above described, and to seize all intoxicating liquors there found, and to perform and do such other things and matters in the premises as by law provided."

The liquor herein involved was seized in the automobile as described in the affidavit, said automobile being in the possession and control of Fred Griffin, defendant herein.

In Borthick v. State, 41 Okla. Cr. 147, 271 P. 953, 954, the affidavit in substance alleged, after positively identifying the place to be searched and stating it was used as a place of manufacture, storage, etc., of intoxicating liquors, alleged:

" '* * * as such an officer he has made an investigation of the above premises and as a result of such investigation finds that the said premises are being used as a place of public resort where people congregate for the purpose of buying, drinking and otherwise receiving intoxicating liquor; that affiant has searched the above said premises on prior occasions and at such times found a quantity of mash, said mash being fit for the manufacture of intoxicating liquor by distillation; affiant further states that he knows of his own knowledge that the party occupying the above said premises is in the whisky business and that the said party has sold whisky from said place, and that the said party uses the said place for a place of storage of intoxicating liquor.' "

This court held therein:

"Sufficiency of affidavit to procure search warrant may be challenged by motion or by objection to the evidence, but truth thereof is not an issue in the case where evidence procured thereunder is offered."

In the recent case of LeBlanc v. State, 95 Okla. Cr. 280, 245 P. 2d 134, we said:

"Where an affidavit to procure a search warrant is in positive terms, one will not be permitted to go behind the affidavit and show the officers did not have sufficient knowledge of the charges alleged in the affidavit."

This principle is too well established to warrant further discussion.

The second contention of the defendant is that time is vital and an affidavit must set out the time when the officer observed the things alleged in the affidavit for search warrant. He contends no such allegation of time being made in the affidavit herein, the affidavit is insufficient in contemplation of law. The allegations of the affidavit herein involved are all in the present tense, and sworn to as of July 12, 1950, served on July 13, 1950, and returned as of July 27, 1950, all as by law provided and interpreted, Overturf v. State, 69 Okla. Cr. 303, 102 P. 2d 623. Since the allegations of the affidavit allude to present existing facts, the implications thereof are too obvious to merit emphasis by discussion. In such case, the date the affidavit was sworn to controls as to the date of observation of the things therein alleged. He cites in support of this contention § 1231, Title 22, O. S. 1941, and § 84, Title 37, O. S. 1941, the former requiring execution and return in 10 days after issuance, and the latter provision to the effect the search warrant must be served in 3 days. These statutes are not in point herewith. We see no relevancy of these statutes to the point here under discussion. This being true the case cited in this connection is not in point, O'Neal v. State, 65 Okla. Cr. 390, 87 P. 2d 1108, which was overruled by Overturf v. State, supra.

The defendant further complains that portions of the allegations in the affidavit were on a printed form. The case of Shiever v. State, 94 Okla. Cr. 37, 230 P. 2d 282, is in point with the situation herein involved. Therein this court held:

"The fact that an affidavit for a search warrant is in the main based upon allegations in a printed form, does not invalidate a warrant based thereon if there are sufficient evidentiary facts set forth in the affidavit to justify the magistrate in concluding that there was probable cause for issuing the warrant."

Other contentions are presented which we deem to be without substantial merit. The judgment and sentence herein appealed from is accordingly in all things affirmed.

JONES and POWELL, JJ., concur.